JOURNAL ENTRY and OPINION
Appellant Anthony Pettus appeals from the trial court's imposition of three concurrent terms of eight years' imprisonment on his convictions for aggravated robbery in violation of R.C. 2911.01, kidnapping in violation of R.C. 2905.01, and aggravated burglary in violation of R.C.2911.11, all of which are first degree felonies under Ohio law. Appellant complains that:
 THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM TERM OF INCARCERATION.
We find no error in the trial court's decision and affirm its judgment.
 PROCEDURAL HISTORY
Appellant was one of seven defendants charged in an eleven count indictment filed October 17, 2000. The indictment charged appellant with three counts of felonious assault with firearms specifications; three counts of aggravated robbery with firearms specifications; three counts of kidnapping with firearms specifications; one count of aggravated burglary with firearms specifications; and one count of carrying a concealed weapon.
On February 26, 2001, appellant appeared before the court with counsel and agreed to enter guilty pleas to three of the charges, one count of aggravated robbery, one count of aggravated burglary, and one count of kidnapping. Each of these charges was amended to delete the firearms specifications. The remaining charges were dismissed, and appellant was referred to the Cuyahoga County Probation Department for a presentence investigation and report.
The court conducted a sentencing hearing on March 26, 2001. At the conclusion of the hearing, the court made the following determination:
 WELL, I HAVE LOOKED AT 2929.14, AND IN SUBDIVISION B, IF I FIND THAT THE SHORTEST PRISON TERM WOULD DEMEAN THE SERIOUSNESS OF THE OFFENDER'S CONDUCT, OR WOULD NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME BY THE OFFENDER, I DO NOT HAVE TO IMPOSE THE SHORTEST PRISON TERM, AND I DO MAKE THE FINDING THAT BASED ON THIS CONDUCT WHICH YOU ENGAGED IN AND PARTICIPATED IN WITH YOUR GANG OF FRIENDS, THAT THE MINIMUM TERM WOULD DEMEAN THE SERIOUSNESS OF THE CONDUCT AND WOULD NOT ADEQUATELY PROTECT THE PUBLIC FROM FUTURE CRIME BY YOU.
* * *
 BUT LOOKING AT AND EVALUATING ALL THE PRINCIPLES OF FELONY SENTENCING IN THIS STATE, IT'S MY JUDGMENT THAT YOU BE SENTENCED TO CONCURRENT TERMS OF EIGHT YEARS IN LORAIN CORRECTIONAL INSTITUTION FOR ALL THREE OF THE FIRST DEGREE FELONIES WHICH YOU PLEAD GUILTY TO.
The court entered judgment on March 29, 2001, imposing eight years' imprisonment on each count, to run concurrent with one another, followed by five years post-release control. The court further ordered appellant to pay restitution to the victims and to pay court costs.
 LAW AND ANALYSIS
Appellant asserts the court should have imposed the minimum term of imprisonment for these offenses. Under R.C. 2929.14(B),
 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Appellant claims the court did not begin with the assumption that it should impose a minimum sentence. However, the court specifically stated that "I'm aware because Mr. Pettus does not have a prior criminal conviction, the court's starting point should be a minimum sentence, and I haven't made any findings yet, I think there is a basis to make some findings to move away from a minimum prison term." Thus, the court clearly did begin with the assumption that it should impose a minimum term.
Appellant also urges that the trial court imposed a term of imprisonment greater than the statutory minimum based on the collective conduct of all of the co-defendants, and not on appellant's conduct alone. The trial court here found that the shortest authorized prison term would demean the seriousness of the conduct and would not adequately protect the public from future crime by appellant. These findings specifically refer to appellant and not to his co-defendants. The court did not state its reasons for making these findings, nor was it required to:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.
State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus.
 * * * The structure of the various sentencing statutes suggests that the General Assembly approached felony sentencing by mandating a record reflecting that judges considered certain factors and presumptions to confirm that the court's decision-making process included all of the statutorily required sentencing considerations.
Id., 86 Ohio St.3d at 327. Here, the record reflects that the court considered the factors and presumptions required by R.C. 2929.14(B) and found that both factors applied to justify the imposition of a sentence greater than the statutory minimum term. See State v. Clark (Jan. 3, 2001), Cuyahoga App. No. 79386, unreported, at 10-11. Accordingly, we find no error in the sentence imposed on appellant and affirm the trial court's judgment.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and PATRICIA A. BLACKMON, J. CONCUR